UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80531-CIV-SINGHAL/McCABE

GORDON LAGERSTROM,

    Petitioner,

vs.

SECRETARY, DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the Court on the Report and Recommendation of Magistrate Judge Ryon M. McCabe (DE [15]) recommending that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE [1]) be denied. Petitioner Gordon Lagerstrom ("Petitioner") filed timely objections ("Objections"). (DE [16]).

This Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Schwartz v. Jones,* 2020 WL 905234, at *1 (S.D. Fla. Feb. 25, 2020), *aff'd sub nom. Schwartz v. Sec'y, Fla. Dep't of Corr.,* 842 Fed. Appx. 442 (11th Cir. 2021).

Petitioner first argues that the Court should not adopt the Magistrate Judge's finding that the Petition under 28 U.S.C. § 2254 was untimely filed. Citing *Martinez v. Ryan,* 566 U.S. 1 (2012), Petitioner argues that "because the state failed to provide counsel to assist him with respect to this proceeding, the state was precluded from

disputing his entitlement to relief on procedural grounds and was limited to responding to his claim on the merits." (DE [16], p. 2). The Magistrate Judge made two findings that are pertinent here. First, the Magistrate Judge correctly concluded that the state post-conviction court did not deny his motion on procedural grounds, but "instead addressed the 'merits' by finding that the Sixth Amendment does not recognize a theory of ineffective assistance based on trial counsel's failure to affirmatively recommend a plea offer." (DE [15] p. 11).  Second, the Magistrate Judge correctly found that Eleventh Circuit precedent precluded Petitioner's *Martinez* argument:

> [T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in *Martinez* and *Trevino* were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default *because the petitioners never timely or properly raised them in the state courts under the states' procedural rules.* At no point in *Martinez* or *Trevino* did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

*Arthur v. Thomas,* 739 F.3d 611, 630 (11th Cir. 2014) (emphasis added).  The state was, therefore, not precluded from arguing the timeliness issue. The issues of the timeliness of Petitioner's § 2254 petition and equitable tolling were fully briefed by the parties and correctly addressed by the Magistrate Judge. Petitioner's objection on the issue of timeliness is overruled.

Although the Magistrate Judge concluded that the petition was untimely filed, he nevertheless addressed the merits of Petitioner's claim that he was offered ineffective assistance of counsel "because trial counsel failed to advise him to accept the State's twenty-five (25) year plea offer, as doing so would have been in Petitioner's best interest

in light of the gain time implications and because of overwhelming evidence of guilt." (DE [1] at 5; DE [15]). The Magistrate Judge fully considered the parties' arguments and concluded that Petitioner failed to establish that the state court's decision denying Petitioner's Rule 3.850 motion contradicted or resulted in an unreasonable application of 'clearly established law.' *See* 28 U.S.C. § 2254(d)(1-2)." (DE [15], p. 16). First, the Magistrate Judge found no clearly established rule that would require trial counsel to make an affirmative recommendation on whether to accept a plea offer. *Id.* Second, he found that failure to advise Petitioner of the gain time consequences of his plea is not ineffective assistance of counsel. *Id.*

In his objections, Petitioner "submits the magistrate recommendations should be rejected for the reasons set forth in his" initial memorandum of law and reply brief. (DE [16], pp. 3-4). The Magistrate Judge fully considered those claims and after careful consideration, the Court wholly agrees with the conclusion that Petitioner's trial counsel did not render a degree of performance that fell outside the "wide range of competent assistance" as defined by *Strickland v. Washington,* 466 U.S. 668, 690 (1984). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation (DE [15]) is **AFFIRMED AND ADOPTED** as the Court's opinion in this case and Petitioner's 28 U.S.C. § 2254 Petition is **DISMISSED.** Petitioner is not entitled to a Certificate of Appealability.

The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

      **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of February 2023.

                                                        _____
                                                        RAAG SINGHAL
                                                        UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF